Peck, J.
The only question presented by the record is, whether the court below erred in charging the jury, as stated in the bill of exceptions, that a sale, by the defendant, of intoxicating liquors, “ at his grocery in Gallipolis township,” to be drank where sold, would authorize the jury in rendering a verdict of guilty upon an indictment charging him with such sale, at his grocery in the township of Addison, in the same county.
It is urged, indeed, on the part of the state, that it does not appear from the bill of exceptions, but that “ Gallipolis ” was within Addison township at the time of the sale, and that, therefore, the question of variance is not raised upon the record. But apart from the apparent absurdity of presuming that the township was included within the limits of another township, it is sufficient for us to say, that we know of no rule of construction, applicable to bills of exception, which requires us, in order to sustain a conviction, to presume, in the absence of averment or proof, that things so dissimilar are, in fact, identical, or could be made so by proof.
The indictment is predicated upon the first section of th6 “ act to provide against the evils resulting from the sale of *389 intoxicating liquors in the state of Ohio” (2 S. & C. Stat. 1431), which reads as follows:
“ Sec. 1. Be it enacted, * * * That it shall be unlawful for any person or persons, by agent or otherwise, to sell, in any quantity, intoxicating .liquors, to be drank in, upon, or about the building or premises where sold, or to sell such intoxicating liquors to be drank in any adjoining room, building or premises, or other place of resort connected with such building.”
The offense, specified in the above section, consists, not in the mere act of selling intoxicating liquors; but in the selling of such liquors to be drank in or about the building o.r premises where sold. The mere act of selling intoxicating liquors, is not in its nature local, but it only becomes unlawful when its intended use is connected with some building or premises in their nature fixed and local; and the offense created by the above section would, therefore, seem to be partly local and partly transitory.
“ In general, on the trial of offenses which are not in their . nature local, it is sufficient to prove that the offense was committed in the county, and a mistake in the particular place in which the offense is laid, is not material.” Roscoe Or. Ev. 110, and cases cited. And where the offense is in its nature local, éx gra., burglary, arson, etc., the parish or place must be correctly stated in the indictment and proved as laid. Ib. 111. People v. Slater, 5 Hill, 401. “ And where an injury is partly local and partly transitory, and a precise local description is given, a variance, in proof of the place, is fatal to the whole-; for the whole being one entire fact, the local description becomes descriptive of the transitory part.” Ib. 112. And see also Regina v. Cranage, 1 Salk. 385. If, however, the court charges two connected offenses, one in its nature local, and the other transitory, ex gra., burglary and larceny committed-at the same time, it is said that the defendant may be convicted of the transitory offense, but must be acquitted of the burglary. Bullock’s case, Mood. C. C. 324, (n).
But where the name of the place is mentioned, not as matter of venue but of local description, it must be proved as laid-,. *390 although it need not have heen stated. Roscoe Or. Ev. 112. It is said, however, in 3 Stark. Ev. 1570, if it is doubtful, if the place is stated as matter of venue or of local description, it will be held to he mere venue.” The cases cited by Mr. Starkie for this proposition, are all cases in which the place is stated under a videlieit, and not cases in which the statement is absolute and unqualified, as in the case at bar.
The place laid in the indictment, “ the grocery of the defendant in Addison township in said county,” was certainly designed as descriptive of the alleged criminal act, and the circumstances under which it was committed, and not as mere matter of venue. It was designed to point out the precise locality of the offense and its attendant circumstances, and not merely to bring the case within the territorial jurisdiction of the court. The averments of place are interwoven and blended with all the statutory ingredients of the offense. It was “ sold by him at his grocery in Addison township,” and was “ to he drank upon the premises in his said grocery where sold.”
If the proof had been of a sale by the defendant at the grocery of some other person, it would scarcely be claimed ithat such a variance, was not fatal, a,nd yet the cases can not ■well he distinguished. The two descriptions, his grocery and its location, are blended together and dependent upon' each ■other. It was sold at “ his grocery in Addison township,” ar.d was “ to be drank in his said grocery.”
A man can not be said to reside at two different places at ■one and the same time; but he may, nevertheless, be the ■owner of several groceries, situate in different localities, at ‘the same time, and may well be treated as ready to answer as to alleged illegal acts committed at one grocery, and of which he is notified, while he would be wholly unprepared to controvert accusations as to another grocery, and of which he 'had not been notified.
.The 13th section of the act provides, “.that in all prosecutions under this act by indictment or otherwise, it shall not be necessary to state the hind of liquor sold, nor to describe .the place where sold,” etc. It was not, therefore, necessary *391 that the indictment should state the precise locality of the act of sale; but this provision, which impliedly, at least, admits the necessity, at common law, of a more precise description, does not, of itself, relieve the state from proving such' precise description, if it is averred in the indictment. The cases are numerous, requiring proof of averments descriptive of the offense, which were unnecessarily inserted in the indictment. Thus, in The King v. Durore, 1 Leach C. C. 890, which was an indictment against the defendant under the statute 9 Geo. I, c. 22, punishing a malicious shooting “ at any person in any dwelling-house, or other place," and charging the defendant with maliciously shooting' H. Sandon, in the dwelling-house of James Brewer and John Sandy. It appeared from the evidence, that the house in which the shooting took place, was owned by John Brewer and James Sandy, and the court held that the variance was fatal, though the allegation might not have been necessary to the validity of the indictment. So also in Rex v. Owen & Pricket, 1 Mood. C. C. 118, it was held, that if an indictment under 57 Geo. Ill, c. 90, describe the place in which the defendant was found armed, by giving it a name, and also stating who the owner and occupier is, a mistake in the name will be fatal, though it is not necessary, where the name of the owner or occupier of the close is stated, to state the name of the close also.
The location of the. grocery in Addison township, is descriptive of the identity of the offense charged in the indict„ment; and it is said in 2 Russell on Crimes, p. 788, that “ in considering the subject of surplusage, it must always be remembered, that it is a most general rule, that no allegation, whether necessary or unnecessary, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected,” and the learned author instances a charge of stealing a black horse, and of stealing four live turkeys, and in which the color of the horse and the fact that the turkeys were living when stolen, need not have-been stated;-but having been averred, must be proved as stated. 1 Stark. Ev. 484; Rex v. Edwards & Walker, Russ. & Ry. C. C. 497.
*392 We have been referred to the cases of Miller v. The State, 3 Ohio St. Rep. 475; Parker v. The State, 4 Ib. 563, and Kern v. The State, 7 Ib. 411. The Parker case arose, in part, under the same section, and the other two cases under the 4th section. These cases, so far as they bear upon the questions involved in the present suit, merely determine, that it is not necessary to describe the place where the intoxicating liquors were sold; and this, as we have already seen, is an express provision of the statute itself. They, by no means, decide, that such description, if it be given in the indictment, need not be proved, or that it could be rejected as surplusage if untrue; and we are clearly of the opinion, that the settled rules of law require such averments, when made, to be proved as laid, and that a material variance in the proof, will be fatal to the prosecution.
Judgment reversed and cause remanded.
Scott, C.J., and Sutliff, Gholson, and Brinkerhoff, J J,, concurred.